DOCKET NO. 706

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE HOPS ANTITRUST LITIGATION

TRANSFER ORDER*

This litigation consists of seven actions pending in four districts as follows: four actions in the Eastern District of Missouri, and one action each in the District of the District of Columbia, the Eastern District of Michigan, and the Southern District of New York. Before the Panel are motions, pursuant to 28 U.S.C. §1407, brought by 1) S.S. Steiner Co., a defendant in four actions, seeking transfer of the actions to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings, and ii) Anheuser-Busch, Inc., plaintiff in four actions, seeking transfer of the actions pending outside the Eastern District of Missouri to that district for coordinated or consolidated pretrial proceedings with the actions pending there. No responding party opposes centralization. The only dispute concerns selection of the transferee forum. All plaintiffs favor selection of the Eastern District of Missouri, and all responding defendants favor selection of the Eastern District of Pennsylvania.

On the basis of the papers filed and the hearing held, the Panel finds that these seven actions involve common questions of fact, and that centralization under 28 U.S.C. §1407 in the Eastern District of Missouri will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All the actions share complex factual questions concerning allegations of a conspiracy, in violation of the Sherman Act, to fix, stabilize and maintain the price or price ranges at which hops, hop products and hop services were quoted and sold to brewers. Centralization under Section 1407 is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Eastern District of Missouri is the appropriate transferee forum for this litigation because: 1) the Panel is extremely reluctant to centralize actions in a district such as the Eastern District of Pennsylvania where no constituent action is pending; 2) most of the actions are already pending in the Eastern District of Missouri; and 3) in a litigation such as this, where no

---

* Judge Louis H. Pollak took no part in this decision of this matter. Additionally, Judge Milton Pollack recused himself and took no part in this decision of this matter.

-2-

single district offers a clear nexus for the issues involved, selection of a district that is geographically central vis-a-vis the location of American-based parties enhances the likelihood that any locational inconvenience resulting from transfer will be kept to a minimum. The fears of certain east coast parties that transfer to a Midwestern forum will be burdensome and costly are unwarranted. Since a Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. See, e.g., Fed.R.Civ.P. 45(d)(2). Furthermore, the judicious use of designated counsel will eliminate the need for most counsel to travel to the transferee district. See Manual for Complex Litigation, Second, §20.22 (1985). And it is most logical to assume that prudent counsel will combine their forces and apportion the workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned. See In re Nissan Motor Corporation Antitrust Litigation, 385 F.Supp. 1253, 1255 (J.P.M.L. 1974).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Missouri be, and the same hereby are, transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable William L. Hungate for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

## Schedule A

MDL 706 -- In re Hops Antitrust Litigation

### Eastern District of Missouri

Anheuser-Busch, Inc. v. John Barth, Inc., et al., C.A. No. 86-0420-C-3

Pabst Brewing Co., et al. v. John Barth, Inc., et al., C.A. No. 86-1296-C-1

Anheuser-Busch, Inc. v. John I. Haas, Gmbh, et al., C.A. No. 86-1589-C-3

G. Heileman Brewing Co., Inc. v. John Barth, Inc., et al., C.A. No. 86-1553-C-A

### Eastern District of Michigan

The Stroh Brewery Co. v. John Barth, Inc., et al., C.A. No. 86-CV-73241DT

### Southern District of New York

Anheuser-Busch, Inc. v. Louis S. Gimbel, III, et al., C.A. No. 86-6027 (WCC)

### District of the District of Columbia

Anheuser-Busch, Inc. v. Henry J. Barth, et al., C.A. No. 86-2127